UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:24-cv-06167-RGK-MAA**                               Date:  **October 4, 2024**

Title     **St. Michael Balzarini v. Ron Davis et al**

Present:    The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Cindy Delgado  |  N/A  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings (In Chambers):**          **Order to Show Cause Why Pauper Status Is Not Barred**

On July 22, 2024, Plaintiff St. Michael Balzarini ("Plaintiff") filed a *pro se* Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)  On August 23, 2024, Plaintiff filed a request to proceed *in forma pauperis* ("IFP").  (ECF No. 4.)  On September 5, 2024, the Court granted Plaintiff's application to proceed IFP.  (ECF No. 8.)  After IFP status was granted, however, the Court became aware that Plaintiff might not be eligible to proceed IFP.  **Accordingly, Plaintiff is ordered to show cause on or before November 4, 2024, why 28 U.S.C. § 1915(g) does not bar pauper status in this action.**

Plaintiff may not be eligible to proceed IFP because he has had more than three prior prisoner actions or appeals dismissed by a federal court on the grounds that they were frivolous or malicious, or that they failed to state a claim upon which relief may be granted.  A prisoner may not bring a civil action under 28 U.S.C. § 1915 ("Section 1915")—that is, without prepayment of the filing fees—"if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Relying on the statute's command that "in *no event*" may such a prisoner proceed without prepayment of fees, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

Plaintiff must be afforded an opportunity to persuade the Court that Section 1915(g) does not bar pauper status for him.  *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).  *Andrews*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   **2:24-cv-06167-RGK-MAA**                              Date:  **October 4, 2024**

Title     **St. Michael Balzarini v. Ron Davis et al**


requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him.  *Id.*  *Andrews* implicitly allows the Court to raise *sua sponte* the Section 1915(g) issue but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *Id.*  A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as a pauper under Section 1915(g), though he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Plaintiff has had more than three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted, including the following:

1)   *Balzarini v. Bank of America*, No. 2:95-cv-02279-UA (C.D. Cal. April 7, 1995);
2)   *Balzarini v. Hirsch*, No. 1:00-cv-06736-OWW-LJO (E.D. Cal. Mar. 28, 2001) (suit dismissed for failure to state a claim);
3)   *Balzarini v. Schwarzenegger*, No. 3:07-cv-02800-MHP (N.D. Cal. Nov. 19, 2010) (suit dismissed for failure to state a claim);
4)   *Balzarini v. Goodright*, No. 3:09-cv-01796-MHP (N.D. Cal. Oct. 7, 2009) (suit dismissed for failure to state a claim);
5)   *Balzarini v. Page*, No. 5:13-cv-00493-UA (AN) (C.D. Cal. Apr. 3, 2013) (denying IFP status because case was "[f]rivolous, malicious or fail[ed] to state a claim upon which relief may be granted");
6)   *Balzarini v. Cambria*, No. 05-15643 (9th Cir. Aug. 17, 2005) (appellate court affirmed the district court's revocation of IFP status because the appeal was not taken in good faith; appeal dismissed for failure to pay filing fee)[1];
7)   *Balzarini v. Ulit*, No. 15-16530 (9th Cir. Feb. 25, 2016) (appeal found to be frivolous and dismissed for failure to pay filing fee).

---

[1] When the Ninth Circuit relies on the district court's certification that appeals are not taken in good faith, the dismissed appeals "clearly count as strikes" because "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (citing *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977)).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:24-cv-06167-RGK-MAA**                                  Date:  **October 4, 2024**

Title      **St. Michael Balzarini v. Ron Davis et al**

The Ninth Circuit has determined that the first three suits are strikes.  *Balzarini v. Ulit*, No. 15-16530 (9th Cir. Jan. 27, 2016), Dkt. No. 11.  The appellate court informed Plaintiff of the strikes and ordered him to pay the full filing fee.  *Id.*  When he did not do so, the appeal was dismissed. Dkt. No. 12.  Plaintiff's motion for reconsideration was rejected.  Dkt. No. 16.

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, the Court now **ORDERS** him to show cause why IFP status should not be revoked, making the present suit subject to dismissal pursuant to 28 U.S.C. § 1915(g) if Plaintiff does not pay the full filing fee.

Plaintiff's response to this order to show cause is due no later than **November 4, 2024**.  The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."  In the alternative to showing cause why IFP status should not be revoked, Plaintiff may avoid dismissal by paying the full filing fee of $405.00 by **November 4, 2024**.

It is so ordered.